# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WENDY A. DEGUARA,

    Plaintiff,

v.

PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,

    Defendant.

Case No. 2:11-CV-01973-KJD-VCF

**ORDER**

    Before the Court is Defendant Property and Casualty Insurance Company of Hartford's Motion to Dismiss Extra-Contractual Claims (#5). Plaintiff has filed a response (#8) which also contained a Countermotion for Remand. Defendant filed a reply and opposition to the motion to remand (#9 #10 ). Plaintiff filed a reply in support of the Countermotion to Remand (#12).[1]

I.  Motion to Dismiss Non-Contractual Claims

    This matter arises from a dispute about coverage under an underinsured motorist policy issued by Defendant. Defendant argues that the complaint fails to state viable causes of action for

---

[1] District of Nevada Special Order 109 requires that "[a] separate document must be filed for each type of document or purpose." The parties are directed to strictly follow this rule in all future filings. It is unhelpful to the Court to embed countermotions within oppositions and responses within replies.

non-contractual claims. Specifically, Defendant requests dismissal of the claims for bad faith, breach of fiduciary duty, violation of the Unfair Claims Practices Act, and "Fraud, Oppression, and Punitive Damages" (collectively the "non-contractual claims").

Plaintiff has not provided points and authorities in response to Defendant's motion. Instead, Plaintiff states that she has "no issue" with dismissal of these claims "so long as the dismissal is without prejudice so that those claims may be made at a later date should the facts of the case warrant the same."

If Plaintiff's counsel did not believe that the facts of the case supported or were likely to support the non-contractual claims, he should not have included the non-contractual claims in the Complaint. See Fed. R. Civ. P. 11(b). The Court will not facilitate Plaintiff's posturing. If facts justifying the non-contractual claims existed, then Plaintiff would not abandon them. Accordingly, further amendment is futile and the non-contractual claims are dismissed with prejudice.

II.  Countermotion to Remand

Plaintiff argues that her case should be remanded because the amount in controversy dropped below the jurisdictional limits when she abandoned her non-contractual claims. Plaintiff cites no authority in support of the Countermotion to Remand. See Local Rule 7-2 (requiring motions to be supported by a memorandum of points and authorities). It is well established that "[e]vents 'occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" Barcume v. Cortes, 24 Fed. Appx. 754, 756 (9th Cir.2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). At the time of removal, Plaintiff claimed damages in excess of $75,000 and the subsequent abandonment of those claims does not divest the Court of jurisdiction. Accordingly, the Countermotion to Remand is denied.

III.  Failure to Cite Authority

Plaintiff's counsel responds to Defendant's arguments in opposition to the countermotion to remand by stating "[n]o case law is necessary to point out the inherent conflict between" Defendant's

argument for dismissal of the non-contractual claims and against remand. In fact, Plaintiff's counsel failed to cite a single case in its opposition, countermotion, or reply.

Contrary to Plaintiff's assertion, case law is required to support every argument made before this Court. See Local Rule 7-2. Plaintiff's counsel is warned that the Court will not tolerate further disregard of the Local or Federal rules. Should Plaintiff's counsel continue to make unwarranted or unsupported assertions, the Court will not hesitate to impose sanctions pursuant to Rule 11 and/or 28 U.S.C. § 1927.

IV.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss (#5) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Countermotion to Remand (#8) is **DENIED**.

DATED this 11th day of June 2012.

_____
Kent J. Dawson
United States District Judge

3